**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11855

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LEONCIO PEREZ,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:97-cr-00509-JEM-2

_____

Before JILL PRYOR, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Leoncio Perez appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). After careful consideration, we affirm.

## I.

In 1997, a federal grand jury charged Perez with one count of conspiring to possess with intent to distribute cocaine and one count of possessing with intent to distribute cocaine. Before trial, the government notified Perez that it intended to seek enhanced sentences for each count based on his previous convictions for two felony drug offenses: (1) a 1995 Florida conviction for possession with intent to distribute cocaine and marijuana and (2) a 1985 federal conviction for importation of marijuana and possession with intent to distribute marijuana. *See* 21 U.S.C. § 851(a)(1). Perez's criminal case was tried to a jury, which found him guilty on both counts. The jury made no finding regarding the drug quantity involved.[1]

At the sentencing hearing, the district court found Perez responsible for 616.4 grams of crack cocaine. Because the crimes of conviction involved 50 grams or more of crack cocaine and Perez had two previous convictions for felony drug offenses, the district court determined that he faced a mandatory life sentence on each count. The court imposed a life sentence.

In 2024, Perez, through counsel, sought a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). When he filed the motion, Pe-

---

[1] The jury made no drug quantity finding because Perez was prosecuted before *Apprendi v. New Jersey* made clear that drug-quantity findings that increase a defendant's punishment must be made by a jury beyond a reasonable doubt. *See* 530 U.S. 466, 490 (2000).

rez was 75 years old and had served over 26 years of his life sentence. In his motion, he acknowledged that to be eligible for a reduction, he had to establish that extraordinary and compelling reasons warranted a sentence reduction under § 1B1.13 of the Sentencing Guidelines. He advanced three arguments why there were extraordinary and compelling reasons.

First, he pointed to his advanced age. Under § 1B1.13(b)(2), he was eligible for a reduction based on advanced age if he: (1) was at least 65 years old, (2) had served at least 10 years of his term of imprisonment, and (3) was "experiencing a serious deterioration in physical or mental health because of the aging process." U.S. Sent'g Guidelines Manual § 1B1.13(b)(2). Perez asserted that he was experiencing a serious deterioration in his health due to a variety of medical conditions, including vision problems. Along with his motion, he submitted his medical records from the Bureau of Prisons and several declarations, including declarations from two physicians.

Second, Perez argued that he was eligible for a reduction under § 1B1.13(b)(6) because he was serving an unusually long sentence. In considering whether a defendant is serving an unusually long sentence, a court may consider a change in the law so long as the "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Id. § 1B1.13(b)(6). Perez argued that because of changes in the law, he would now face a mandatory minimum of 15 years, not life.

Third, relying on § 1B1.13(b)(5), Perez asserted that he had established other reasons justifying a sentence reduction. Under this provision, a defendant is eligible for a reduction if he establishes the existence of "any other circumstance or combination of circumstances that . . . are similar in gravity to those described in paragraphs (1) through (4)" of § 1B1.13(b). *Id.* § 1B1.13(b)(5). He argued that he satisfied this standard given the combined effect of his age, deteriorating health, time already served, and rehabilitation while in prison. He also urged the court to consider "the problematic nature" of the government's request for a § 851 enhancement in his case, explaining that the government delayed filing the notice that it was seeking the enhancement, which resulted in his mandatory life sentence, until just one week before his criminal trial began. Doc. 134 at 20. To show his rehabilitation, Perez submitted prison records reflecting that in the 26 years of his incarceration, he received only four disciplinary infractions, with the last incident occurring in 2016. These records reflected that his most recent infractions were in 2014 for hitting another inmate with a closed fist and in 2016 for fighting with another person and refusing to obey an order.[2] He also introduced evidence that while incarcerated he worked a variety of jobs, earned his GED, and completed over 200 hours of English as a second language classes.

---

[2] The other two disciplinary infractions were from 1998 for failing to obey an order and failing to following safety regulations and from 2003 for smoking in an unauthorized area.

24-11855                Opinion of the Court                5

Perez acknowledged that to receive a sentence reduction, the court had to find not only that he was eligible for a sentence reduction because extraordinary and compelling reasons supported a reduction, but also that a reduction was consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a).[3] He argued that the § 3553(a) factors supported his immediate release from prison. He asserted that reducing his sentence from life to a sentence of time served "would still reflect the seriousness of the offense and provide just punishment." Doc. 134 at 24. He urged that spending 26 years in prison for his crimes was sufficient to serve the purposes of deterrence and protecting the public. He also pointed to his history and characteristics, including the Bureau of Prisons' finding that he was at low risk of recidivism. And he again asked the court to consider the evidence of his rehabilitation.

---

[3] Under § 3553(a), a district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

The government opposed Perez's motion. It argued that he had not established extraordinary and compelling reasons for a sentence reduction. It also asserted that the § 3553(a) factors did not support a reduction. As to the § 3553(a) factors, it emphasized the seriousness of Perez's crimes, pointing out that his offenses involved a large quantity of crack cocaine, as well as his history and characteristics, which included two previous felony drug convictions. It stated that releasing him from prison after he had served 26 years would not "reflect the seriousness of his underlying offense, promote respect for the law, provide just punishment, [or] provide general deterrence." Doc. 138 at 29. And it pointed out that if he were sentenced under the current law, he would remain a career offender and face a guidelines range of 360 months to life imprisonment. The government also disputed that Perez had been rehabilitated because he had been disciplined multiple times while incarcerated.

After "careful consideration of the briefing and record," the court denied Perez's motion for a sentence reduction. Doc. 151 at 1. It concluded that he "failed to demonstrate that the § 3553(a) sentencing factors favor release." *Id.* at 2. It explained that he had "a significant criminal history and the instant offense involved a large amount of crack cocaine." *Id.* It also agreed with the government that, under the current law, Perez would be a career offender and face a guidelines range of 360 months to life imprisonment. The court concluded that the "seriousness and nature of [Perez's] offenses do not support a reduction in his sentence." *Id.* at 2–3.

The court denied Perez's motion on the alternative ground that he had not established an extraordinary and compelling reason for a sentence reduction. First, it rejected his argument that his advanced age was an extraordinary and compelling reason under § 1B1.13(b)(2), concluding that he had not shown that his health conditions were sufficiently severe. Instead, the court found, based on his medical records, that "his health conditions are being well-managed during his incarceration." *Id.* at 3. Second, it acknowledged that § 1B1.13(b)(6) purported to permit a defendant to establish extraordinary circumstances based on changes in the law. But it concluded that the United States Sentencing Commission exceeded its authority in promulgating this provision, which it thought was contrary to the underlying statute's "text, structure, and purpose." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Third, the court concluded that Perez had not established other reasons for a sentence reduction. It explained that "rehabilitation of a defendant alone cannot be considered an extraordinary and compelling reason." *Id.* (citation modified). "[G]iven the amount of time [Perez] has spent incarcerated," the court said, "his limited rehabilitative and educational improvements, even in combination with [his] other arguments, are not 'extraordinary and compelling.'" *Id.*

This is Perez's appeal.

## II.

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v.*

*Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id.*

## III.

A district court has no inherent authority to modify a defendant's sentence; it may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). A federal statute authorizes a district court to reduce a term of imprisonment when three requirements are satisfied: (1) there are "extraordinary and compelling reasons" for granting a sentence reduction under § 1B1.13 of the Guidelines; (2) the § 3553(a) factors favor a reduction; and (3) awarding a sentence reduction "wouldn't endanger any person or the community." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). If a defendant fails to satisfy even one of these requirements, a court cannot grant relief and need not analyze the remaining requirements. *See Giron*, 15 F.4th at 1348.

Section 1B1.13 sets forth a list of what qualifies as extraordinary and compelling reasons. This list includes: (1) medical circumstances; (2) old age, if the prisoner is also "experiencing a serious deterioration in his physical or mental health"; (3) family circumstances; (4) his status as a victim of abuse while incarcerated; or (5) other circumstances or combination of circumstances that "are

similar in gravity" to the four enumerated circumstances. U.S.S.G. § 1B1.13(b)(1)–(5). A defendant also may establish extraordinary and compelling reasons based on an unusually long sentence. If "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment," a court may consider "a change in the law" when "determining whether the defendant presents an extraordinary and compelling reason" for a sentence reduction. *Id.* § 1B1.13(b)(6). For a court to consider a change in the law, the change must "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.*

To grant a sentence reduction, a district court also must conclude that the § 3553(a) factors support a reduction. *See Tinker*, 14 F.4th at 1237. Although a court must consider "all applicable § 3553(a) factors," it "need not exhaustively analyze each § 3553(a) factor or articulate its findings in great detail." *Id.* at 1240–41 (citation modified). In addition, "the weight given to each factor is committed to the sound discretion of the district court," and it may attach "great weight to one § 3553(a) factor over others." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

On appeal, Perez challenges the district court's denial of his motion for a sentence reduction. First, he argues that the district court erred in concluding that he failed to establish extraordinary and compelling reasons for a sentence reduction. He says that he established his eligibility for a sentence reduction under (1) § 1B1.13(b)(2) because of his age together with his declining

health, (2) § 1B.13(b)(5) because other reasons of sufficient gravity supported a sentence reduction, or (3) § 1B1.13(b)(6) because he was serving an extraordinarily long sentence given changes to the law since he was sentenced. Second, he challenges the district court's weighing of the § 3553(a) factors. He says that the district court's "rote" analysis of the factors was "insufficient." Appellant's Br. 51.

We need not decide the first issue because we conclude that the district court did not err in denying Perez's motion based on its weighing of the § 3553(a) factors. Although the district court's discussion of the § 3553(a) factors was brief, its explanation was adequate. After all, a district court is not required to address "each of the § 3553(a) factors or all of the mitigating evidence." *Tinker*, 14 F.4th at 1241 (citation modified). "Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient." *Id.* The court's order here included such an acknowledgement—the court stated that it had considered the arguments in the parties' briefs as well as the evidence they submitted into the record. Although the court did not expressly discuss Perez's age-related health conditions or his rehabilitation in the portion of its order discussing the § 3553(a) factors, it discussed these arguments in other parts of its order, which shows that it considered them. Under these circumstances, we cannot say that the district court failed to adequately explain its decision or otherwise abused its discretion in weighing the § 3553(a) factors.

**AFFIRMED.**